Robert D. Phillips, Jr. (SBN 82639)
rphillips@reedsmith.com
Miles M. Cooley (SBN 206783)
mcooley@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514

Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Plaintiff
North American Company For Life and Health Insurance

FILED
2008 FEB 13 PM 3:47
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL L. PHILPOT, an individual, VIRGINIA B. HIRSH, an individual, JOHN B. KUYKENDALL, an individual, RENE ALEJANDRO LACAPE, an individual, C. RICHIE MCNAMEE, an individual and HECTOR PAEZ VALDEZ, an individual,<br><br>Defendants. | No.: '08 CV 0270 BEN NLS<br><br>**PLAINTIFF NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE'S RICO CASE STATEMENT PURSUANT TO SOUTHERN DIST. LR 11.1** |

Pursuant to Southern District Civil Rule 11.1, plaintiff North American Company for Life and Health Insurance ("North American") submits this RICO Case Statement:

**1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. 1962(a), (b), (c), and/or (d):** 18 U.S.C. 1962 (c);

**2. List the defendants and state the alleged misconduct and basis of liability of each defendants:** Michael L. Philpot ("Philpot"), Virginia B. Hirsh, John B. Kuykendall, Rene Alejandro Lacape, C. Richie McNamee, and Hector Paez Valdez (collectively referred to herein as "Defendants"). Each defendant is licensed in the state of California as an insurance agent, and has sold North American UL policies, and presently sells the life insurance products of other insurance companies, in this judicial district.

North American is informed and believes, and on these bases alleges that, each of the Defendants and acting in concert with each other, has participated and actively participates in a scheme to illegally obtain millions of dollars in undeserved and unearned commissions and bonuses from North American through a scheme of offering and paying secret rebates and/or advancing premium payments to North American and other insurance companies in exchange for the application for life insurance policies from North American and other companies by certain complicit individuals, without any good faith intention of actually maintaining these policies or paying the premiums for them as those policies were designed or as these policies require. Defendants use instrumentalities of interstate commerce, specifically wire and mail, to apply for said life insurance policies in the name of certain complicit individuals.

North American is informed, believes and on these bases alleges that Defendants either purchase these life insurance policies for the complicit individuals by advancing premium payments or paying these complicit individuals secret rebates for applying for these policies. A single premium is paid for each such policy in an amount equal to the minimum premium necessary for Defendants to earn the maximum commission on the policy, an amount insufficient to continue the policy in force for more than a few years. Defendants then unlawfully collect the up-front sales commissions paid to them by North American and other insurance companies for these policies. The afore-referenced scheme perpetrated by Defendants is hereafter referred to as "the Illegal Commission Scheme". North American is informed, believes and upon these bases, alleges, that the Illegal Commission Scheme is ongoing and continuous and was and is done in the regular way that the Michael Philpot Agency did and does conduct its business;

3. **List alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer:** North American will amend its complaint to add as defendants those individuals who have assisted Defendants in perpetrating the Illegal Commission Scheme and participated therein, including those complicit sales agents in the Michael Philpot Agency enterprise and those individuals who applied for and purchased life insurance policies but who, unbeknownst to North American and other insurance companies, were complicit in the Illegal Commission Scheme, at such time as the identities of these individuals are discovered by North American;

4. **List the alleged victims and state how each victim was allegedly injured:** Plaintiff North American was injured at the hands of the Defendants' Illegal Commission Scheme to the tune of tens of millions of dollars that were paid to

– 3 –

RICO CASE STATEMENT PURSUANT TO LR 11.1

DOCSLA-15627728.1-MCOOLEY

Defendants in unearned, ill-gotten commission and bonuses, which damages are described specifically in concurrently filed complaint.

5. **Describe in detail the pattern of racketeering activities or collection of unlawful debts alleged for each RICO claim:** North American has learned, and is informed, believes and upon these bases alleges, that from at least 2004 through May 2007, Defendants, working through the Michael Philpot Agency as their enterprise, have engaged in the Illegal Commission Scheme. The Illegal Commission Scheme entails Defendants' offering of and paying to certain complicit individuals, posing as legitimate potential insureds, secret rebates and other monetary incentives, including advancing insurance premiums due North American, in exchange for these individuals applying for UL policies with North American, as well as for life insurance policies with other insurance companies.

North American has learned, is informed, believes and upon these bases alleges, that these insurance policies were applied for without any good faith intention on the part of Defendants or the complicit individuals that the policies would actually be maintained or that applicable premiums would be paid, as those policies were designed or as the policies required. The applications of these complicit individuals to purchase these life insurance policies were subsequently submitted by Defendants to North American and other insurance companies, using instrumentalities of interstate commerce, specifically, by wire and mail.

The transmission of these insurance applications through the mail, which were fraudulent and a part of the Illegal Commission Scheme, constitutes predicate acts of mail fraud as defined in the RICO statute. North American is informed, believes and upon these bases alleges, that the majority of the over 700 policies written by the Michael Philpot Agency were fraudulently submitted to North American through the

mail. North American does not list all of the instances Defendants committed the predicate acts here, but as examples, defendant Philpot submitted fraudulent policies LB00597230, LB00659630 and LB00697840 through the mail to North American on March 2, 2005, March 9, 2005 and July, 21, 2005, respectively; defendant Hirsh submitted fraudulent policies LB00505840, LB00506390 and B00504400 through the mail to North American on January 17, 2004, June 17, 2005 and June, 14, 2005, respectively; defendant Kuykendall submitted fraudulent policies LB00553040, LB00549650 and LB00552770 through the mail to North American on September 20, 2004, September 13, 2004 and September 30, 2004, respectively; defendant Lacape submitted fraudulent policies LB00511220, LB00511700 and LB00511720 through the mail to North American on June 28, 2004; defendant McNamee submitted fraudulent policies LB00506610 and LB00506650 on June 18, 2004 and policy LB00512160 on June 28, 2004 through the mail to North American; and defendant Valdez submitted fraudulent policy LB00526290 on July 26, 2004, and policies LB00527240 and LB00527220 on July 28, 2004, through the mail to North American, all of which acts constitute the predicate acts of mail fraud.

Then, as North American has learned, is informed, believes and upon these bases alleges, Defendants either purchase these life insurance policies for the complicit individuals by advancing premium payments or paying these complicit individuals secret rebates for applying for these policies. A single premium is paid for each such policy in an amount equal to the minimum premium necessary for Defendants to earn the maximum commission on the policy, an amount insufficient to continue the policy in force for more than a few years. Defendants then unlawfully collect the up-front sales commissions paid to them by North American and other insurance companies for these policies. In addition, Defendants unlawfully collect bonuses paid to them by their upline agents for the sales of these fraudulent policies. These policies lapse with significant negative account values within three years of

1  their issue, long before collected premiums cover the costs and expenses incurred by
2  North American associated with these policies. As a result of the applications
3  submitted by Defendants on behalf of the individuals complicit in the Illegal
4  Commission Scheme, said scheme being unbeknownst to North American, North
5  American subsequently processed these applications and issued UL policies to certain
6  policyholders.

8  North American is informed, believes and on these bases alleges, that
9  Defendants submitted applications for life insurance to other insurance companies on
10 behalf of the individuals complicit in the Illegal Commission Scheme, said scheme
11 being unbeknownst to those insurance companies, and those companies subsequently
12 processed these applications and issued life insurance policies to Defendants' co-
13 conspirators in the Illegal Commission Scheme. North American is informed,
14 believes and upon these bases, alleges, that the Illegal Commission Scheme is ongoing
15 and continuous and was and is done in the regular way that the Michael Philpot
16 Agency did and does conduct its business.

18 North American is informed and believes, and on these bases alleges, that the
19 complicit individuals who had applied for and purchased life insurance policies issued
20 by North American sold to them by Defendants through the Michael Philpot Agency
21 enterprise, who never intended to maintain or pay premiums on the policies written by
22 Defendants, only applied and purchased said policies because of the Illegal
23 Commission Scheme, and specifically, because of Defendants' illicit payments to
24 them to do so. Such aforementioned policies are collectively hereafter referred to as
25 "Sham Policies."

27 North American is informed and believes, and on these bases alleges, that as
28 with the Sham Policies, the complicit individuals who had applied for and purchased

life insurance policies issued by other insurance companies sold to them by Defendants through the Michael Philpot Agency enterprise, never intended to maintain or pay premiums on the policies written by Defendants, only applied and purchased said policies because of the Illegal Commission Scheme, and specifically, of Defendants' illicit payments to them to do so. The Illegal Commission Scheme and the Sham Policies were the result of Defendants' multiple predicate acts, i.e., wire and mail fraud, and the Defendants' multiple acts constitute a "pattern of racketeering activity" as contemplated in the RICO statute, because such multiple acts, performed through the Michael Philpot Agency, was the *modus operandi* and common plan of Defendants that allowed them to perpetrate the Illegal Commission Scheme and to obtain commissions on the Sham Policies.

North American is not aware of any criminal convictions or civil judgments related to the predicate acts alleged herein.

6. **Describe in detail the alleged "enterprise" for each RICO claim. A description of the enterprise shall include the following:**

(a) **state the name of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise:** North American has named defendants Philpot, Hirsh, Kuykendall, Lacape, McNamee, and Valdez as Michael Philpot Agency, i.e. the "enterprise". However, there are hundreds of individuals acting as insurance sales agents who constitute the Michael Philpot Agency, many of whom, North American is informed, believes, and upon these bases alleges, also participated and continue to participate in the Illegal Commission Scheme. North American will amend its complaint to add as defendants in this action those individuals who have participated in the Illegal Commission Scheme, including those complicit sales agents in the Michael Philpot Agency

enterprise and those individuals who applied for and purchased life insurance policies but who, unbeknownst to North American and other insurance companies, were complicit in the Illegal Commission Scheme, at such time as the identities of these individuals are discovered by North American;

**(b) a description of the structure, purpose, function and course of conduct of the enterprise:** The ostensible purpose of the Michael Philpot Agency is to sell life insurance policies to consumers in the United States. However, North American is informed, believes, and upon these bases alleges, that part of the way the Michael Philpot Agency regularly conducts its business is to engage in the Illegal Commission Scheme to obtain illegal upfront commissions and bonuses on policies that were applied for by Defendants and those complicit with them, without any good faith intention of actually maintaining these policies or paying the premiums for them as those policies were designed or as these policies require, as describe in more detail herein and in the complaint filed concurrently herewith;

**(c) a statement of whether any defendants are employees, officers or directors of the alleged enterprise:** While the Michael Philpot Agency is an agency in the legal sense, North American is unaware of any formal corporate structure or of any employees, officers or directors that would accompany such structure;

**(d) a statement of whether any defendants are associated with the alleged enterprise:** North American is informed, believes, and upon these bases alleges, that defendants Philpot, Hirsh, Kuykendall, Lacape, McNamee, and Valdez are associated with the Michael Philpot Agency, i.e. the "enterprise" in that they used it to perpetrate the Illegal Commission Scheme;

(e) **a statement of whether plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise or that the defendants are the enterprise itself, or members of the enterprise:** North American is informed, believes, and upon these bases alleges, that defendants Philpot, Hirsh, Kuykendall, Lacape, McNamee, and Valdez are members of the Michael Philpot Agency, i.e. the "enterprise";

(f) **if any defendants are alleged to be the enterprise itself, or members of the enterprise, an explanation of whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity:** North American is informed, believes, and upon these bases alleges, that defendants Philpot, Hirsh, Kuykendall, Lacape, McNamee, and Valdez are perpetrators of the racketeering activity described herein and in the concurrently filed complaint;

7.  **State and describe in detail whether plaintiff is alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity:** North American is informed, believes, and upon these bases alleges, that the Michael Philpot Agency is generally engaged in both lawful and unlawful activities, but that Defendants specifically use the enterprise's regular course of business as a means to perpetrate the Illegal Commission Scheme;

8.  **Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual daily activities of the enterprise, if at all:** The ostensible primary daily activity of the Michael Philpot Agency is to sell life insurance policies to consumers in the United States. However, North American is informed, believes, and upon these bases alleges, that at least part of the way the Michael Philpot Agency regularly conducts its business is to engage in the Illegal

Commission Scheme to obtain illegal upfront commissions and bonuses on policies that were applied for by Defendants and those complicit with them, without any good faith intention of actually maintaining these policies or paying the premiums for them as those policies were designed or as these policies require, as describe in more detail herein above and in the complaint filed concurrently herewith;

9. **Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering:** The agents who constitute the Michael Philpot Agency benefit from the Illegal Commission Scheme through the undeserved and ill-gotten commissions and bonus they obtain thereby. North American is unaware of what benefits the Michael Philpot Agency, in and of itself as a legal construct, receives due to the pattern of racketeering;

10. **Describe the effect of the activities of the enterprise on interstate or foreign commerce:** The Michael Philpot Agency enterprise presently consists of approximately 155-190 sales agents in various states, including, but not limited to, California, Arizona, Florida, Georgia, Illinois, Indiana, Louisiana, Minnesota, North Carolina, Nevada, New York, Ohio, Oregon, Pennsylvania, Tennessee, Texas, Utah, and Wisconsin, who have sold North American UL policies, and, as North American is informed, believes and upon these bases alleges, is presently selling the life insurance products of other insurance companies from these states to consumers all over the United States. Approximately 54 of Philpot's sales agents are located in this judicial district, and North American is informed, believes, and upon these bases alleges, that these individuals ;ell insurance policies in interstate commerce.

11. **If the complaint alleges a violation of 18 U.S.C. 1962(a), provide the following:** (a) state who received the income derived from the pattern of

racketeering activity or through the collection of unlawful debt; and (b) describe the use or investment of such income: N/A

12. If the complaint alleges a violation of 18 U.S.C. 1962(b), describe in detail the acquisition of maintenance of any interest in or control of the alleged enterprise: N/A

13. If the complaint alleges a violation of 18 U.S.C. 1962(c), provide the following: (a) state who is employed by or associated with the alleged enterprise, and (b) state whether the same entity is both the liable "person" and the "enterprise" under 18 U.S.C. 1962(c): Defendants Philpot, Hirsh, Kuykendall, Lacape, McNamee, and Valdez are employed and/or associated with the Michael Philpot Agency; the Michael Philpot Agency, the "enterprise", is not a defendant and Philpot, Hirsh, Kuykendall, Lacape, McNamee, and Valdez, agents working under the rubric of this "enterprise", are liable "persons";

14. If the complaint alleges a violation of 18 U.S.C. 1962(d), describe in detail the facts showing the existence of the alleged conspiracy: N/A

15. Describe the alleged injury to business or property: North American has been significantly damaged financially in the tens of millions of dollars due to the payments it made to Defendants because of the Illegal Commission Scheme, in addition to various internal costs related to the Sham Policies;

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute: Defendants perpetrated the Illegal Commission Scheme, North American unwittingly paid them tens of millions of

RICO CASE STATEMENT PURSUANT TO LR 11.1

dollars in undeserved, ill-gotten commissions and bonuses, to its detriment and significant damage;

**17. List the damages sustained by reason of the violation of 18 U.S.C. 1962, indicating the amount for which each defendant is allegedly liable:** North American has suffered damages in amount no less than $19 million from its payment of undeserved and ill-gotten commissions to Defendants due to the Sham Policies. There are further damages, subject to proof, related to presently in-force policies that have been issued, but have not yet lapsed, but that North American is informed, believes, and upon these bases alleges, are also a part of the Illegal Commission Scheme, and that will ultimately lapse. North American also seeks to recover the millions of dollars in unearned bonuses that were paid to Defendants, subject to proof.

**18. List all other federal causes of action, if any, and provide the relevant statute numbers:** N/A

**19. List all pendent state claims, if any:** N/A

**20. Provide any additional information that you feel would be helpful to the court in processing your RICO claims:** The Illegal Commission Scheme is harmful, not only to North American, but to the life insurance industry as a whole, and to life insurance consumers across the country. The Illegal Commission Scheme violates that legitimate purpose of providing insurance, which is to provide benefits to individuals or entities with an insurable interest in the insured, by instead providing immediate and significant monetary benefits to a group of complicit individuals and sales agents through fraudulent and ill-gotten commissions, bonuses, rebates and free short-term insurance. The cost of insurance for those products utilized by the Illegal Commission Scheme is shifted to those honest policyholders who pay sufficient

premiums to maintain their policies in force and who intend to keep their policies in force as those products have been designed by insurance companies, such as North American. In addition, the Illegal Commission Scheme deprives honest consumers of fairly priced life insurance products by transferring the expenses associated with underwriting and issuing such products thereby causing honest consumers to pay a higher price for the product than they would have if the Illegal Commission Scheme had not occurred.

DATED: February 3, 2008

REED SMITH LLP

By _____
Robert D. Phillips, Jr. (SBN 82639)
Miles M. Cooley (SBN 206783)
Attorneys for Plaintiff
North American Company For Life and Health Insurance