Raymond A. Greenberg SBN 43394
Perry R. Fredgant SBN 105755
raylaw43@msn.com
RAYMOND A. GREENBERG, ATTORNEY AT LAW
1521 La Venta Road
Westlake Village, CA 91361-3404

Telephone: 805-373-5260
Facsimile: 805-494-8312

Attorneys for Defendant VIRGINIA B. HIRSH

**ORIGINAL**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH AMERICAN COMPANY, etc.<br><br>    Plaintiff,<br><br>    vs.<br><br>MICHAEL L. PHILPOT, et al.,<br><br>    Defendants. | **Case No.: 08 CV 0270 BEN NLS**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRCP 12(b)(6) MOTION OF DEFENDANT VIRGINIA B. HIRSH**<br><br>Date: May 5, 2008<br>Time: 10:30 a.m.<br>Courtroom: 3 |

# TABLE OF CONTENTS

I     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II    FACTS ALLEGED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III   ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV   LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     A.    **There was no illegal commission scheme: under California law, rebating commissions is legal** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     B.    **The "complicit individuals" as described in paragraph 38 through and including 46, were real people, and insureds qualified, as a matter of health and wealth, for the insurance in the face amount of each policy.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

     C.    **There was no breach of any legally enforceable contract Provision** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     D.    **Plaintiff received exactly what it bargained for under California law when it entered into each contract** . . . . . . . . . . . . . . . . 12

     E.    **The issues raised by plaintiff's complaint are within the Exclusive jurisdiction of the California Insurance Commissioner or within the primary jurisdiction of the California Insurance Commissioner** . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

     F.    **Defendant Hirsh cannot receive a fair trial here because she necessarily must assert her privilege against self incrimination under the Fifth Amendment to The United States Constitution** . . . . . . 15

V    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**CALIFORNIA CASES**

*P.W. Stephens vs State Compensation Insurance Fund (1994) 21 Cal. App. 4th 1833, 1839* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Krumme vs Mercury Insurance Company (2004) 123 Cal. App. 4th 924, 937.* . . . . . . . . . . 13

*Allstate Insurance Co. vs State Board of Equalization (1959) 169 Cal. App. 2nd 165* . . . .15

*Eddy vs Sharp (1988) 199 Cal. App. 3rd 858* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Pacer's Incorporated vs Superior Court (Needham) (1984) 162 Cal. App. 3rd 686*. . . . . 16

**UNITED STATES SUPREME COURT**

*Spevack vs Kline (1967) 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed. 2nd 57* . . . . . . . . . . . . . . . 15

*Shapiro vs United States (1948) 355 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787*. . . . . . . . . . .15

**CALIFORNIA STATUTES**

*Business and Professions Code §§ 17200 et. seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 11

*Insurance Code § 35.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Insurance Code §§ 331 et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Insurance Code §§ 359 et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Insurance Code § 480* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . .13

*Insurance Code § 750* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Insurance Code § 750 (d)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Insurance Code § 1621* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Insurance Code § 1626* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . 8

*Insurance Code § 1668* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*Insurance Code § 1704* . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Insurance Code § 1738* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8, 11

*Insurance Code §§ 10110 through 10605.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . .  8

*Insurance Code § 10509.9*   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

*Labor Code § 2860.* . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**UNITED STATES CODE**

18 U.S.C. 1962 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

15 U.S.C. 1011. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Internal Revenue Code §§ 801 et. seq. . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

**UNITED STATES CONSTITUTION**

Fifth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 15

**OTHER AUTHORITIES**

Proposition 103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 11,15

Defendant Virginia B. Hirsh submits the following Memorandum of Points and Authorities in support of her motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to FRCP 12 (b)(6):

## I.

## INTRODUCTION

Plaintiff's complaint not only fails to state a claim upon which any relief can be granted but the allegations are so bizarre as to defy rational analysis. The allegations of plaintiff's complaint put the interests of plaintiff above that of its insureds, and they also put the interests of the plaintiff above California insurance law.

In essence, the plaintiff has asserted that its Universal Life (UL) insurance policies must be in existence for twenty years for plaintiff to amortize its costs and then make a profit. Thus, as a practical matter, plaintiff is trying to hold California-licensed insurance agents as guarantors of not only the duration of the life insurance policies sold by them but also as guarantors of the lives of the insureds thereunder. Plaintiff is not providing insurance covering the eventuality of death, but seeking insurance for its profit! Further, in a glaring omission, plaintiff's complaint fails to mention that the rebating of commissions is legal in the State of California.

However, there are two other serious issues that the complaint raises: Because defendant Hirsh is a "life agent" licensed to transact life insurance by the State of California, and subject to license revocation proceedings as well as penal momentary sanctions, the matters that are the subject of plaintiff's complaint are solely and exclusively in the jurisdiction of the California insurance commissioner.

Further, because of the potential sanctions, defendant Hirsh cannot obtain a fair trial should this matter proceed because she cannot testify in her own defense by reason of the Fifth Amendment to the United States Constitution, and its privilege against self incrimination.

## II.

## FACTS ALLEGED

Plaintiff is a life insurance company licensed by the State of California to underwrite and issue life insurance policies insuring the lives of California residents.

By such contracts, plaintiff, in consideration of the payment of a premium, agrees to pay the beneficiaries of such policies the face amount of such policies should the named insured thereunder die during the policy period. The complaint alleges that after the policy is in force for ten years, a cash value is accumulated whereby the insured actually receives, or can receive a partial refund of the premiums paid, and that the policy must be in force for twenty years for plaintiff to amortize its underwriting costs.

Plaintiff has chosen to market such insurance policies in California by using California-licensed agents, including defendant Hirsh. It is the responsibility of such life insurance agents to bring the plaintiff potential insureds who qualify for life insurance as a matter of health and financial worth as represented in the insurance application and investigated and determined by plaintiff, before the life insurance applied for is bound.

There are four separate parties to every life insurance contract: the insurance company, the insured upon whose life the insurance is provided, the beneficiary or beneficiaries of the insurance should the insured die during the policy term and the *owner* of the policy who has the obligation to pay the premium and the power to change the beneficiaries. The owner of a life insurance policy is often the insured or a beneficiary thereunder. The life insurance agent who procured the policy is not a party to the insurance contract. The complaint further alleges that plaintiff entered into written contracts with the defendants including defendant Hirsh and that such contracts each contain provisions that each agent:

A. Would make reasonable efforts to maintain North American policies;

B. Would operate in compliance with all laws and regulations;

C. Not pay any premium personally nor rebate any premium to any insured.

It is the alleged breach of the foregoing provisions that is the basis of the second and third claims for relief alleged in the complaint.

The complaint then recites what it describes as "The Illegal Commission Scheme" which consists of having insureds apply for UL insurance with North American or with other companies

1  without any intention to either pay a premium from their own resources or maintain a policy for
2  any length of time by paying future premiums. The complaint refers to such policies as "sham
3  policies", which were issued to "complicit individuals".

4  The foregoing allegations are the basis for the fourth cause of action for fraud, which is
5  the predicate tort upon which the other causes of action are based, particularly the claim of unfair
6  competition pursuant to *California Business and Professions Code §17200 et seq*. and Civil
7  RICO (18 U.S.C.1962 (c)).

8  The complaint also claims as damages the amount of commission paid to defendant Hirsh
9  together with some unspecified "underwriting costs" allegedly incurred for underwriting the
10 policies of insurance.

11 Thus, the plaintiff is asserting that if it had known that its insurance agents were paying
12 the premium for each policy, some of which are still in force, and if it had known that the
13 "complicit" insureds or owners had no intention of continuing the insurance in force beyond its
14 original term, it would not have issued the subject insurance policies.

15 Significantly, there are no allegations of any misrepresentations or concealment of any
16 material facts in the applications. It is alleged only that the life agents concealed commission
17 rebating and that there was no intention at the outset to pay future premiums, thus allowing the
18 policies to lapse. However, a substantial number of policies were kept in force by the payment of
19 future premiums and some are still in force, as recited in the complaint.

**III.**

**ISSUES PRESENTED**

22 A.  Whether the "Commission Scheme" alleged the complaint was illegal under
23 California insurance law.

24 B.  Whether the insured whose lives were insured were real or "sham".

25 C.  Whether, as a matter of California insurance law, the plaintiff had any legal basis
26 for either rejecting the applications for insurance submitted by defendant Hirsh or rescinding each
27 insurance policy based upon fraud should a death claim have been submitted, if there were no
28 misrepresentations nor concealments in the applications for insurance.

D. Whether there was any breach of an enforceable contractual covenant.

E. Whether plaintiff sustained any recoverable damages.

F. Whether exclusive or primary subject matter jurisdiction concerning the issues raised in plaintiff's complaint exists with the California Insurance Commissioner.

G. Whether this claim should be stayed until all relevant statutes of limitations applicable to fraud, civil RICO and unfair practices have expired, which, according to the complaint, will not occur until 2015, at the earliest, by reason of the defendant's privilege against self incrimination pursuant to the Fifth Amendment to the United States Constitution.

## IV.

## LEGAL ARGUMENT

Since the enactment of the McCarran-Ferguson Act in 1945 (15 U.S.C. 1011), the business of insurance and its regulation have been subject to the laws of each state rather than Federal Law. Thus, unless otherwise specified hereinafter, all code references cited herein shall refer to the *California Insurance Code (CIC)*.

Defendant Hirsh is licensed by the state of California as a "life agent" (as defined in §1626). As such, she is authorized to "transact" (as defined in §35) life insurance policies as an "insurance agent" (§1621) on behalf of life insurance companies for whom she is appointed as an insurance agent (§1704). As a life agent, she is subject to the grounds for license revocation, pursuant to §§1668 and 1738.

As a California licensee, the plaintiff is subject to §§10110 through 10605 and other sections. Plaintiff's power to rescind a policy is governed by §§331 et seq. and 359 et seq.

A. **There was no illegal commission scheme: under California law, rebating commissions is legal.**

In California, rebating insurance commissions is not only legal, but a matter of strong public policy.

Prior to November 6, 1988, California had a statute which prohibited an insurance broker or agent from rebating commission, *CIC* §750. On November 8, 1988, the people of the state of California enacted Proposition 103 as a constitutional amendment. Among other things,

Proposition 103 repealed §750.

The California legislature thereafter enacted §750(d) which expresses the public policy of Proposition 103 that the rebating of commissions by insurance agents and brokers is lawful in California.

Therefore, any claim by the plaintiff that the rebating of commissions constituted an "unlawful scheme" or an "illegal scheme" is, as a matter of law, non-meritorious in California for policies covering California insureds.

It is not alleged that any statute, appellate case, regulation, or application for life insurance or the life insurance policy itself, requires, either as a condition to the binding of coverage or the continuation of coverage that the insured, the owner of the life insurance policy, any beneficiary or the insurance agent represent or warrant that the monies used to pay the insurance premiums therefore come from any specifically segregated source of funds, nor is any specific source of funds prohibited.

Significantly, the complaint does not seek rescission of any life insurance policy for any reason, including fraud or deceit. Indeed, the complaint alleges that some policies will terminate in 2010. Implicit in the allegations of the complaint itself is an acknowledgment that the insured on whose life each policy was issued was qualified for such insurance, as a matter of health and worth, based upon the representations in each application and separate investigation by plaintiff. The "Fourth Claim for Relief-Fraud" alleges the predicate tort upon which the first, fifth, sixth, seventh, eighth and ninth causes of action are based.

The basic elements of every cause of action for fraud and deceit are well known: a misrepresentation or concealment of a material fact, known by the defendant, done with the intent to induce reliance by the plaintiff which results in plaintiff's reliance and that such reliance is reasonable and justifiable, resulting in damages.

The facts alleged in the complaint, as applicable to a fraud cause of action, cannot withstand a common sense analysis, let alone legal scrutiny. It is not alleged in the complaint that, in any application for insurance, a prospective owner of a policy of insurance was asked whether the insurance policy would be maintained for any duration; whether one day, three years,

ten years or indefinitely. There are no allegations that any applicant for insurance represented such facts nor, of course, represented that the insured thereunder would live thereafter for any particular time. *Every life insurance company necessarily assumes the risk that sometime during the existence of every life insurance policy, the insured would die, whether it be one day after policy inception or thirty years after policy inception.*

Further, it is not alleged that in any application for insurance any applicant was asked about the source of any premium payment. It must be assumed from the face of the complaint that every insured was qualified to be insured by the plaintiff as a matter of health and as a matter of economic status. Thus plaintiff cannot assert that, but for any knowledge or intention of each insured or of each owner of each insurance policy or of the knowledge or intention of the life insurance agent placing same, the plaintiff could not or would not issue such policies. Thus for the purposes of a fraud cause of action, the plaintiff cannot sustain any claim of reliance, i.e., that but for the representation or concealments of the defendant life insurance agents, the plaintiff would not have issued insurance policies.

**B.** **The "complicit individuals", as described in paragraph 38 through and including 46, were real people, and the insureds qualified, as a matter of health and wealth, for the insurance issued in the face amount of each policy.**

Essentially, plaintiff is asserting that these "complicit individuals" and the life agents, including defendant Hirsh, concealed the true intention as to the duration that the life insurance policies would be kept in force. To accept that argument would negate the entire purpose of life insurance and would necessarily mean that the insurance policies were illusory. In other words, if any of the "complicit" insureds had died of a heart attack one month after the policy was issued and after the premium had been paid, could the plaintiff assert a defense to paying a death claim that the insured died and thus did not live the length of time the plaintiff hoped in order for the policy to become "profitable"?

It is not alleged in the complaint that there were any material misrepresentations in the applications for insurance to justify grounds for rescission based on fraud or mistake. The insureds were real, the owners were real, the beneficiaries were real and, of course, the insurer is

real.

There are no statutes, nor regulations or published appellate decisions that justify an insurance company, under any kind of insurance policy, from denying a claim because the claim occurred, but was unexpected by the insurance company. Articulating the issue in those terms illustrates the absurdity of Plaintiff's complaint.

Thus, the first cause of action for unfair trade practices pursuant to *California Business and Professions Code §§17200 et seq*. must fail because there is no underlying predicate tort to support it.

Similarly the fifth, sixth, eighth and ninth causes of action must fail to the extent that they are based upon the fourth cause of action.

Clearly because there was no predicate fraud, the seventh cause of action must fail.

That leaves for consideration the two causes of action for breach of contract, the second and third causes of action.

C. **There was no breach of any legally enforceable contract provision.**

As stated above, the three relevant contract provisions are that (a) the agents would reasonably try to maintain the policies, (b) that the agents would operate in compliance with all applicable laws and regulations and (c) that the agents would not pay the premiums or rebate "premiums".

The complaint clearly alleges that the relationship between defendant Hirsh and the plaintiff was not one of an exclusive agency. She was an appointed agent also for other insurance companies that likely sold insurance policies and programs that directly competed with those of plaintiff. Defendant has already discussed that the anti-rebate contractual provision is unenforceable as a matter California law, even as a basis for termination of the agency agreement. One of the purposes of Proposition 103 was to increase competition among insurance companies and insurance brokers and agents to enable insureds to obtain the best coverage available at the lowest possible price by increasing competition among insurers and among insurance brokers and agents. §1668 and §1738 set forth the grounds for revocation of an insurance license. The obligation of defendant Hirsh to each life insurance customer is effectively summarized in *Eddy*

*vs Sharp* (1988) 199 Cal. App. 3rd 858, where the Court of Appeal observed, at p. 865 (without case or treatise citations).

> "In this case it is an undisputed fact that James Sharp is an independent agent. He represents several insurance companies including the Great American. If an insurance agent is the agent for several companies and selects the company with which to place the insurance or insures with one of them according to directions, the insurance agent is the agent of the insured (Citing authorities) Where the agency relationship exists there is not only a fiduciary duty but an obligation to use due care. (Citing authorities) Sharp owed a duty of due care to the Eddys under Agency principles. (Citing authorities)."

Thus it is clear that, for the purpose of procuring the insurance policies, defendant Hirsh was the agent not of the plaintiff but of each insured, and would have an ongoing duty to provide the best possible insurance coverage from the insurance companies available to her at the least cost to the insurance customer.

Thus, defendant Hirsh had an ongoing duty to review the insurance marketplace for each of her customers to constantly determine the availability of insurance for each customer considering each customer's then health and financial situation.

It is clear that, under California law, the claim of an insurance company that an agent has a contractual obligation to maintain policies in force conflicts with the agent's obligation as the agent for the insured to maintain the best coverage possible at the least cost for the insured, and if the agent failed to do that, the agent would face possible license revocation, thus violating the agent's contract.

**D.   Plaintiff received exactly what it bargained for under California law when it entered into each insurance policy.**

Defendant Hirsh is an independent sales representative that works on a commission paid by the vendor. The vendor in all sales transactions sets the selling price and the compensation paid to sales people. The complaint alleges that defendant Hirsh was an independent contractor, and thus the restrictions of the *California Labor Code* would not apply to her, particularly *Labor Code §2860,* which states:

> "Everything which an employee acquires by virtue of his employment, except the compensation which is due to him from his employer, belongs

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRCP 12(b)(6) MOTION OF DEFENDANT VIRGINIA B. HIRSH

12

Case No.: 08 CV 0270 BEN NLS

to the employer, whether acquired lawfully or unlawfully, or during or after the expiration of the term of his employment."

Therefore, upon bringing to plaintiff a "buyer", ready, willing, able and qualified to buy, and being accepted, defendant Hirsh was entitled to her full commission.

Plaintiff can make no claim to the loyalty of the defendant Hirsh, who has a legal obligation to satisfy the insurance needs of her customers according to the requirements of the California Insurance Code. The plaintiff necessarily, as a licensee in California, understood the requirements imposed by law upon insurance agents.

It is important to understand the business context of the transactions that are the subject of plaintiff's complaint. Why would a life insurance company pay an independent agent a commission equal to or exceeding the premium for the insurance policy knowing that, at the time the coverage is bound, the insurance company faces the risk of loss by reason of the death of the insureds immediately, and thus is exposed to the risk insured against and is entitled to the premium in full? §480. Here it is alleged that the plaintiff received the premiums in full for all insureds for which insurance was issued. Such premiums were earned when the insurance company was exposed to the risk insured against. The sales agents who sold the policies were entitled to the commissions when the policies were sold and coverage bound without any other conditions precedent. The reason why plaintiff took the risk is rooted in *Internal Revenue Code §§801 et seq.* which provides substantial income tax benefits to life insurance companies provided, on an annual basis that they meet the criteria therefor, which involves the sale of new life insurance policies.

Plaintiff had a *hope* that the policies would stay in existence for twenty years and that the insureds would not draw down the cash values, and would not die. However, a hope is just that because no insurance company can expect a guarantee that the risk insured against will not occur.

Thus, the complaint alleges no recoverable damages.

**E.** **The issues raised by plaintiff's complaint are within the exclusive jurisdiction of the California Insurance Commissioner or within the primary jurisdiction of the California Insurance Commissioner.**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRCP 12(b)(6) MOTION OF DEFENDANT VIRGINIA B. HIRSH
13
Case No.: 08 CV 0270 BEN NLS

*P.W. Stephens, Inc. vs State Compensation Insurance Fund* (1994) 21 Cal App. 4th 1833, 1839; *Krumme vs Mercury Insurance Company* (2004) 123 Cal App. 4th 924, 937.

> As it was stated in *P.W, Stephens*, at pp 1839 to 1840:
>
> ". . . the Commissioner has been entrusted with the responsibility to ensure that rates, premiums and even surcharges are fair and reasonable. "As a prerequisite to judicial intervention, a plaintiff is required to exhaust all administrative remedies (Citing cases). This procedure is required even if the administrative agency cannot provide the precise relief requested or needed, (Citing cases) Exercise of administrative expertise preliminary to judicial review is especially appropriate where it is 'apparent that a court would benefit immensely, and uniformity of decisions would be greatly enhanced, by having an expert administrative analysis available before attempting to grapple with such a potentially broad-ranging and technical question of insurance law'(Citing cases) such as the case here."

The primary jurisdiction issue was explained in *Krumme*, at p. 937, as follows:

> "Unlike exclusive jurisdiction primary jurisdiction is not jurisdictional in the sense that courts are utterly without power to decide, but is a common law policy advancing between courts and administrative agencies. ' " 'Primary Jurisdiction,' . . . applies where a claim is originally cognizable by the courts, and comes into play whenever enforcement of the claim requires a resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.' " *(Farmers Ins. Exchange v. Superior Court (1992) 2 Cal. 4th 337)*. "[T]he primary jurisdiction doctrine advances two related policies: it enhances court decision making and efficiency by allowing courts to take advantage of administrative expertise, and it helps assure uniform application of regulatory laws, [citations.] No rigid formula exists for applying the primary jurisdiction doctrine [citation]. Instead, resolution generally hinges on a court's determination of the extent to which the policies noted above are implicated in a given case [citation]. This discretionary approach leaves courts with the considerable flexibility to avoid application of the doctrine in appropriate situations, as required by the interests of justice." [citation].

Here, the complaint raises a fundamental question of California insurance law regulated by the California Department of Insurance: whether, with respect to commissions earned on insurance premiums paid, a life insurance agent may lawfully rebate commissions to insureds which, in effect would give the insureds free insurance for a period of time. The complaint also raises the issue of whether, because the commissions paid by the plaintiff equal or exceed the premium but must ultimately be covered by the premium paid by the insured, somehow those

premium rates are excessive and fraudulent and subject to regulation.

Thus this court should require the plaintiff to seek adjudication and clarification from the California Insurance Commissioner on the foregoing issues. Obviously, if the premiums are less than the commissions, then the plaintiff has committed fraud, because the insureds must necessarily be told that they are paying excessive rates for insurance coverage unless they maintain the insurance for ten years, and do not die.

Such insurance rate regulation has been within the exclusive jurisdiction of the insurance commissioner for many years, even before the enactment of Proposition 103 in 1988. See, for example, <u>Allstate Insurance Co. vs State Board of Equalization</u>, (1959) 169 Cal. App. 2nd 165.

Thus plaintiff's complaint does not state a claim for relief because, under state law, jurisdiction for such relief, comprehensive relief, is within the jurisdiction of the California Insurance Commissioner.

**F.    Defendant Hirsh cannot receive a fair trial here because she necessarily must assert her privilege against self incrimination under the Fifth Amendment to The United States Constitution.**

Clearly, implicit in the complaint, because of its reference to other insurance companies, is the issue of policies being moved from carrier to carrier for commission purposes. This practice raises the issue of the penalties applicable to be imposed by the Insurance Commissioner of California under §10509.9 as well as the issued of license revocation as previously set forth.

The United States Supreme Court has long held that the Fifth Amendment applies to administrative proceedings. <u>Spevack vs Kline</u> (1967) 385 U.S. 511, 87 S.Ct. 625. 17 L.Ed. 2nd 57; <u>Shapiro vs United States</u> (1948) 355 U.S. 1, 68 S. Ct. 1375, 92 L.Ed. 1787.

Thus, if this court ordered the case to go forward, and denied defendant's motion, defendant could not testify in her own defense.

**V.**

**CONCLUSION**

Here it is clear from the allegations of the complaint that the defendant Hirsh did exactly what Proposition 103 intended, that by rebating commissions to insureds the cost of insurance to

the insureds would be reduced, thus making insurance more affordable for the insureds. The plaintiff has engaged in business in California knowing the foregoing and took a risk, a business risk.

Although the plaintiff did not receive what it has hoped for based upon its internal statistics, aspirations and perhaps dreams, it got exactly what it bargained for legally: an insurable insured from whom the premium for the insurance was paid under the terms of the insurance contract.

The plaintiff has no legal support to argue that, if the application for insurance disclosed that defendant Hirsh was rebating part or all of her commission to the purchaser of the insurance policy, or if representation had been made that the owner of the policy had no intention of maintaining the insurance for any specified length of time, or if there was representation in the application that the insured of the life insurance policy would not die, plaintiff would not have bound coverage and issued the policies. Indeed, even if such representation had been falsely made, the plaintiff had (and has) no grounds to rescind such policies, or deny the payment of any death claim based on fraud or deceit. In fact, the plaintiff alleges that some of such policies are still in force, and plaintiff has made no effort to rescind such policies. The plaintiff really wants the benefits received by way of the premium for all policies without paying the commissions therefor. The plaintiff received exactly what it bargained for.

There was no fraud, there was no breach of any legally enforceable provision of any contract, and the plaintiff's complaint in its entirety, should be dismissed.

Further, it is clear that this matter must be dismissed because the issues here are totally within the jurisdiction, of the California Insurance Commissioner, and this court should defer to the California Insurance Commissioner for administrative action if appropriate.

Finally, this court must respect the Constitutional interests of the defendant and stay all proceedings until the expiration of all applicable statutes of limitations. *Pacers Incorporated vs Superior Court (Needham)* (1984) 162 Cal. App. 3rd 686.

Dated: April 3, 2008                                      Respectfully Submitted

MEMORANDUM OF POINTS AND AUTHORITIES IN           16                Case No.: 08 CV 0270 BEN NLS
SUPPORT OF FRCP 12(b)(6) MOTION OF DEFENDANT
VIRGINIA B. HIRSH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                s/ Raymond A. Greenberg
                                Attorney for Virginia B. Hirsch
                                Email: raylaw43@msn.com