WILLIAM B. TREITLER (SBN 46077)
btreitler&tahlaw.com
M. ANDREW SCHNEIDER (SBN 219441)
aschneider@tahlaw.com
TREITLER & HAGER, LLP
3737 Camino del Rio S, Suite 109
San Diego, CA 92108

Telephone: (619) 283-1111
Facsimile: (619) 528-0746

Attorneys for Defendant RENE ALEJANDRO LACAPE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL L. PHILPOT, an individual, VIRGINIA B. HIRSH, an individual, JOHN B. KUYKENDALL, an individual, RENE ALEJANDRO LECAPE, an individual, C. RICHIE MCNAMEE, an individual and HECTOR PAEZ VALDEZ, an individual,<br><br>Defendants. | **Case No.: 08 CV 0270 BEN NLS**<br><br>**SUPPLEMENTAL REPLY OF RENE LACAPE IN SUPPORT OF DEFENDANT HIRSCH AND LACAPE'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>Date: May 5, 2008<br>Time: 10:30 a.m.<br>Courtroom: 3 |

Defendant RENE ALEJANDRO LACAPE ("Lacape") hereby submits the following supplemental reply brief in support of defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6).

Plaintiff's complaint is overreaching in its claims and is devoid of substance. In an effort to hide the defects in its complaint, plaintiff uses inflammatory words such as "illegal", "scheme" and "sham" to describe the conduct of the defendants and the insureds, despite the fact that the actions of the defendants as set forth in the complaint were legal and despite plaintiff's acknowledgment in its opposition to this motion that the life insurance policies it issued were (and are) valid.

**I. DISCUSSION**

The essential allegation of the complaint, which forms the basis for a majority of plaintiff's claims, is that defendants used the "Illegal Commission Scheme" to induce "complicit applicants" to purchase life insurance from plaintiff and that said policies were not maintained as "designed or as was required" by plaintiff. (Complaint page 23, lines 8-15). However, plaintiff's claims fail for several reasons. First, the conduct complained of (specifically, the rebating of life insurance premiums) is <u>legal</u> in the State of California. Second, the plaintiff is the arbiter of the very system of which it now complains. Because of the competitive nature of the insurance business, the plaintiff created a system in which it is possible for life insurance agents to be paid commissions in excess of the premiums paid during the initial years on the life insurance policies sold by them. Plaintiff's assertions that it is somehow the victim of the commission system that it created, and which it continues to sponsor, are disingenuous.

Despite plaintiff's provocative characterization of defendants' actions, there is no factual basis to support any of plaintiff's causes of action. Particularly devoid of any merit are plaintiff's causes of action for violation of California Business and Professions Code § 17200 and 18 U.S.C. § 1962(c) – Civil RICO.

**A.    Rebating is Legal in California**

Despite plaintiff's best efforts to confuse this issue and shift the Court's focus, the simple fact is that the rebating of life insurance premiums is <u>legal</u> in the State of California.

Proposition 103 was a sweeping referendum that dramatically altered insurance regulation in Californis. While much of Proposition 103 addressed concerns regarding sky-rocketing automobile insurance premiums, it also <u>expressly</u> repealed certain sections of the California Insurance Code in their entirety; in particular, the "anti-rebating" provisions contained in former Insurance Code section 750, et seq. *See* Harvey Rosenfeld, *Auto Insurance: Crisis and Reform*, 29 U. Mem. L. Rev. 69, 107 (1998); *California Insurance Law & Practice, Vol. 3*, Matthew Bender, 2007, § 21.02[4], p. 21-7.

In addition, plaintiff's assertion that Proposition 103 does not apply to life insurance is simply incorrect. It is true that many of amendments to the Insurance Code made by Proposition

103 do not apply to life insurance (i.e., rate roll-backs, review and approval of rates, etc.), as stated in by Insurance Code §§ 1861.13 and 1851. However, as discussed above, Proposition 103 also repealed certain Insurance Code sections <u>in their entirety</u>. The repeal of the anti-rebating provisions contained in former Insurance Code § 750, et seq., applied to all types of insurance covered by that section, <u>including life insurance</u>.

Accordingly, rebating life insurance premiums is legal in the State of California.

**B.    The Plaintiff Received Exactly What It Bargained For When It Issued The Policies.**

As described above, plaintiff resorts to using inflammatory words such as "illegal", "scheme" and "sham" to describe the alleged conduct of the defendants and the insureds, despite the fact that the actions of the defendants were legal and despite plaintiff's acknowledgment that the subject life insurance policies that it issued are valid. (Opposition to Motion to Dismiss, page 9, lines 3-5).

Plaintiff's complaint alleges that the policies at issue were not maintained as "designed or as was required" by plaintiff. (Complaint page 23, lines 11-12). Defendant Lacape is not aware that plaintiff "required" any of the life insurance policies at issue to be maintained for a specified period of time. Plaintiff's business model is apparently one in which it knowingly and willingly enters into insurance policies in which it incurs economic losses in the first few years that a policy is on the books. Far from engaging in an "Illegal Commission Scheme", defendants simply provided plaintiff with that which it desired: namely ready, willing and able insureds. The defendants cannot be faulted if the plaintiff's earnings with respect to certain policies were less than anticipated due, in part, to a commission structure that plaintiff created.

**C.    The Provision in the Producer Application and Agreement Precluding Rebating is Void as a Matter of Public Policy**

It is basic contract law that any provision of an agreement that violates public policy is void as a matter of law. California Civil Code § 1667. "A public policy against enforcement of promises or other terms may be derived by the court from: (a) legislation relevant to such a policy…" Rest.2d, Contracts, § 179. Here, the "Producer Application and Agreement" signed by defendant Lacape, as well as the other defendants, provided that the agents were not allowed to

engage in rebating. Such a restriction is against public policy.

As discussed in plaintiff's opposition to this motion, the purpose of Proposition 103 was to "create a more competitive and fair marketplace for insurance in California". Harvey Rosenfeld, *Auto Insurance: Crisis and Reform*, 29 U. Mem. L. Rev. 69, 100 (1998). In addition to rolling back rates, Proposition 103 also repealed California's anti-rebating statutes in an effort to foster competition among agents for the benefit of customers and to increase the affordability of insurance for consumers. *Id*. Further, despite the fact that the State legislature has since reenacted certain of the statutes repealed by Proposition 103, after determining that their repeal did not further the interests of consumers, the legislature has not reenacted any of the statutes that previously prohibited rebating life insurance premiums to consumers. *California Insurance Law & Practice, Vol. 3*, Matthew Bender, 2007, § 21.02[4], p. 21-7.

The issue then is: Can the plaintiff, by its Producer Application and Agreement, preclude its agents from doing that (i.e., rebating) which the People of the State of California expressly approved with the passage of Proposition 103 in November 1988, and which the State legislature has not seen fit to thereafter restrict, despite having numerous opportunities during the past 20 years to review those sections of the Insurance Code that were repealed? The clear answer is no.

Rebating insurance premiums to customers is an undeniable benefit to consumers, which is why Proposition 103 expressly repealed California's anti-rebating statutes and why the legislature has not subsequently re-enacted the anti-rebating provisions with respect to life insurance. Plaintiff's attempt to prevent its agents from providing this benefit to consumers is against public policy and the provision in the Producer Application and Agreement precluding rebating is therefore void.

**D.   California B&P Section 17200 Is Inapplicable To Life Insurance.**

In addition to the matters discussed above, Proposition 103 also generally provided that insurance is subject to the antitrust and unfair business practice law of the Business and Professions Code. *California Insurance Law & Practice, Vol. 3*, Matthew Bender, 2007, § 21.02[4], p. 21-7. California Insurance Code § 1861.03(a) was the resulting statute. However, as discussed in plaintiff's opposition to this motion, Insurance Code §§ 1861.13 and 1851,

1 respectively, provide that many of the statutes resulting from Proposition 103, including §
2 1861.03, are inapplicable to life insurance. Therefore, § 1861.03, which provides that insurance
3 is subject to California's unfair competition laws, is <u>expressly inapplicable to life insurance</u>.
4 *California Insurance Law & Practice, Vol. 3*, Matthew Bender, 2007, § 21.02[4], p. 21-7.
5 Therefore, plaintiff's cause of action for violation of Business and Professions Code § 17200 is
6 improper and must be dismissed.

## II. CONCLUSION

8 The entire premise of plaintiff's complaint (i.e., that defendants engaged in some type of
9 illegal conduct) is flawed. Despite its best efforts, plaintiff has failed to articulate any valid
10 underlying tort or predicate act to support either a B&P § 17200 or a Civil RICO claim. Further,
11 there has been no breach of any valid contract provisions. Therefore plaintiff's complaint should
12 be dismissed without leave to amend.

Dated: April 28, 2008                    TREITLER & HAGER, LLP

                                         By: <u>s/ M. Andrew Schneider</u>
                                         Attorneys for Defendant
                                         RENE ALEJANDRO LACAPE
                                         Email: aschneider@tahlaw.com