Raymond A. Greenberg SBN 43394  
Perry R. Fredgant SBN 105755  
raylaw43@msn.com  
RAYMOND A. GREENBERG, ATTORNEY AT LAW  
1521 La Venta Road  
Westlake Village, CA 91361-3404  

Telephone: 805-373-5260  
Facsimile: 805-494-8312  

Attorneys for Defendant VIRGINIA B. HIRSH  

**ORIGINAL**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH AMERICAN COMPANY, etc. | **Case No.: 08 CV 0270 BEN NLS** |
| Plaintiff, | **SUPPLEMENTAL POINTS AND AUTHORITIES OF DEFENDANT VIRGINIA B. HIRSH JOINING IN THE MOTION TO DISMISS OF DEFENDANT MICHAEL L. PHILPOT** |
| vs. | |
| MICHAEL L. PHILPOT, et al., | |
| Defendants. | |
| | Date: July 21, 2008<br>Time: 10:00 a.m.<br>Courtroom: 3<br>Judge: Roger T. Benitez |

Defendant Virginia B. Hirsh submits the following Points and Authorities Supplemental to the Points and Authorities submitted by Defendant Michael L. Philpot in support of his Motion to Dismiss pursuant to FRCP 12(b)(6) and joined in by Defendant Hirsh.

///

SUPPLEMENTAL POINTS AND AUTHORITIES OF DEFENDANT VIRGINIA B. HIRSH JOINING IN MOTION TO DISMISS OF DEFENDANT MICHAEL L. PHILPOT

1

Case No.: 08 CV 0270 BEN NLS

# TABLE OF CONTENTS

I  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II  ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III  LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   A.  **The Contractual Bar Against Rebating Commissions Violates California Anti-Trust Law, B & P§§ 17000 et seq., and Specifically *§§ 17030, 17444, 17050 et seq.*, by Way of *Insurance Code § 790.03 (c)*.** . . . . . . . . . . . . . . . . . . . . . 4

   B.  **The Complaint Failed to State a Grounds For Relief Because The Plaintiff's Exclusive Remedy is An Administrative Proceeding Through the California Department of Insurance.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUPPLEMENTAL POINTS AND AUTHORITIES OF
DEFENDANT VIRGINIA B. HIRSH JOINING IN MOTION
TO DISMISS OF DEFENDANT MICHAEL L. PHILPOT

2

Case No.: 08 CV 0270 BEN NLS

**TABLE OF AUTHORITIES**

**CALIFORNIA CASES**

*Karlin vs. Zalta* (1984) 154 Cal App. 3rd 953 . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**CALIFORNIA STATUTES**

*California Business and Professions Code (B&P) §§ 17030 and 17044 et seq.* . . . . .2, 3, 4

*California Insurance Code (CIC) § 790.03 (c)* . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 3, 4

*California Government Code §§ 11500 et seq. (The Administrative Procedures Act)*. . . . .2

CCP § 1094.5 (Administrative Mandate). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*B&P § 17050.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*CIC§§ 1668 and 1738* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**I.**

**INTRODUCTION**

Plaintiff's claim here alleges nine causes of action. In context, the First Cause of Action, Fourth Cause of Action, Fifth Cause of Action and Seventh Cause of Action sound in tort, based on fraud.

The Second, Third, Sixth, Eighth and Ninth Causes of Action are based on contract, which is essentially is based upon the agency agreement allegedly entered into between the Plaintiff and each Defendant.

Although the Complaint does not attach as an exhibit a relevant contract between Plaintiff and Defendant Hirsh prohibiting rebating of commission, Defendant Hirsh offers the following arguments, assuming such a contract existed.

The contract Causes of Action are based upon breach of that provision barring the rebating of commission.

**II.**

**ISSUES**

1. Whether the agency agreements attached to, and incorporated in, Plaintiff's Complaint, to the extent that they prevent rebating of commission, are void, as a matter of law, as violative of *California Business and Professions Code (B&P) §§ 17030 and 17044 et seq.* and *California Insurance Code (CIC) § 790.03 (c).*

2. Whether the Plaintiff's exclusive remedy is not a civil action in either California state court or Federal Court but rather an administrative proceeding with the California Department of Insurance pursuant to *California Government Code §§ 11500 et seq.* (The Administrative Procedures Act), with ultimate remedy through *CCP § 1094.5* (Administrative Mandate).

**III**

**LEGAL ARGUMENT**

This Supplemental Brief will not deal with the issue of whether, as a matter of tort law, the rebating of commission by California licensed insurance agents to insureds is lawful under

California law. Clearly it is. This argument will deal with the issues of whether any cause of action based upon contract can be sustained, and if so, whether the remedy therefore is judicial or administrative.

### A. The Contractual Bar Against Rebating Commissions Violates California Anti-Trust Law, B & P §§ 17000 et seq., and Specifically *§§ 17030, 17044, 17050 et seq., by Way of Insurance Code § 790.03 (c).*

The tort actions here are based upon some unfounded concept that commission rebating, either individually or in concert with other insurance brokers, is an illegal "scheme". The contract claims necessarily must be based upon the idea that even if not illegal, somehow such activity breached a lawful contract.

Necessarily, the first issue is whether such contract provision itself is lawful pursuant *B&P §§ 17030, and 17044 et seq.* Those sections obviously are incorporated into the CIC through *California Insurance Code § 790.03(c).*

The issues here are simple and quite logical.

*B&P § 17044* provides as follows:

"It is unlawful for any person engaged in business within this State        to sell or use any article or product as a 'loss leader' as defined in Section 17030 of this chapter."

*B&P § 17030*, in relevant part, defines "loss leader" as any product sold at less than cost in order to mislead or deceive purchasers or where the effect is to divert trade from or otherwise injure competitors. *B&P § 17050* provides exceptions to the "loss leader" prohibition, but none of which are relevant here.

The allegations set forth in paragraph 26 of Plaintiff's Complaint control**:**

" 26. Notably, because North American amortizes the recovery of its acquisition costs for every policy, which includes, marketing, underwriting, new business, premium taxes, reinsurance, and the up front commission and bonus paid to the sales agent, over the first 20 years of the policy it sells, the early lapse of a UL  policy causes North American to incur a significant financial loss"

Thus, clearly, North American, as a matter of its business practices, has priced its insurance product as a "loss leader", as defined in *B&P § 17030*. In other words, it sells its insurance policies at a loss, with the hope that the insured will live for 20 years, and pay the premium, and clearly that hope is intended to divert competition from other insurance companies, by pricing at a severe loss.

This scheme is further illustrated by the allegations set forth in paragraphs 23 and 24 of the Complaint, where the Plaintiff *concedes* that the *independent* sales agent (i.e., not an employee) received a commission of between 70% to 120% of the first year's premium, of which between 80% and 100% goes to the retail sales agent such as Defendant Hirsh and a 15% to 20% excess going to the general agent, here, Philpot. Further, there may be an additional 5% that goes to another agent above those two classifications.

Thus, based upon the allegations themselves, it is clear that the Plaintiff is engaged in a practice that has come to be known as "dumping", i.e., selling product below cost in order to gain a sales advantage over the competition. That practice is specifically addressed as an anti-trust problem in California, and specifically as applicable to insurance through *CIC § 790.03(c)*, and the contract to that extent is void.

**B. The Complaint Failed to State a Grounds for Relief Because The Plaintiff's Exclusive Remedy is An Administrative Proceeding Through The California Department of Insurance.**

Although preceding the enactment of Proposition 103 in 1988, <u>Karlin vs. Zalta</u> *(1984) 154 Cal App. 3rd 953* would seem to control the jurisdictional issue here. Essentially, Plaintiff should have first filed a Complaint with the California Department of Insurance and litigate the alleged fraudulent practices alleged pursuant to *CIC§§ 1668 and 1738*.

The Plaintiff failed to do so, and, for that reason this matter should be dismissed.

Dated: June 25, 2008

                                             <u>s/ Raymond A. Greenberg</u>
                                             Attorney for Virginia B. Hirsch
                                             Email: raylaw43@msn.com

**STATE OF CALIFORNIA, COUNTY OF VENTURA**

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action; my business address is 1521 La Venta Road, Westlake Village, California 91361-3404

On June 25, 2008, I served the following documents described as:

DEFENDANT VIRGINIA B. HIRSH'S JOINDER IN DEFENDANT MICHAEL L. PHILPOT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT; AND SUPPLEMENTAL POINTS AND AUTHORITIES

**[ X ] BY ELECTRONIC MAIL:** I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet, as listed below.

| | | |
|---|---|---|
| Robert D. Phillips, Jr. Esq.<br>Miles M. Cooley, Esq.<br>Reed Smith, LLP<br>335 South Grand Avenue<br>Suite 2900<br>Los Angeles, CA 90071-1514 | (213) 457-8000<br>(213) 457-8080 Fax<br><br>rphillips@reedsmith.com<br>mcooley@reedsmith.com | Attorney for Plaintiff<br><br>North American Company For<br>Life and Health Insurance |
| John A. Marshall, Esq.<br>Goshgarian & Marshall<br>23901 Calabasas Rd, #2073<br>Calabasas, CA 91302 | (818) 591-9000<br>(818) 591-0810 Fax<br>gmlaw@gmlawplc.net | Attorney for<br>Rene Alejandro Lecape |
| Michael J. Sachs<br>Callahan & Blaine<br>3 Hutton Center Dr, 9th Floor<br>Santa Ana, CA 92707 | (714) 241-4444<br>(714) 241-4445 Fax<br>MJS@callahan-law.com | Attorney for<br>Michael L. Philpot |

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Ventura County, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ X ]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 25, 2008, at Ventura County, California.

/S  Judith E. Alexander
_____
JUDITH E. ALEXANDER

---

SUPPLEMENTAL POINTS AND AUTHORITIES OF
DEFENDANT VIRGINIA B. HIRSH JOINING IN MOTION
TO DISMISS OF DEFENDANT MICHAEL L. PHILPOT

7

Case No.: 08 CV 0270 BEN NLS