**CALLAHAN & BLAINE, APLC**
Daniel J. Callahan (Bar No. 91490)
Michael J. Sachs (Bar No. 134468)
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
(714) 241-4444
(714) 241-4445 Fax
michael@callahan-law.com

Attorneys for Defendant MICHAEL L. PHILPOT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL L. PHILPOT, an individual, VIRGINIA B. HIRSCH, an individual, JOHN B. KUYKENDALL, an individual, RENE ALEJANDRO LACAPE, an individual C. RICHIE MCNAMEE, an individual and HECTOR PAEZ VALDEZ, an individual, <br><br> Defendants. | Case No. 08 CV 0270 BEN NLS <br><br> **REPLY TO OPPOSITION TO MOTION TO DISMISS** <br><br> Date:  July 21, 2008 <br> Time:  10:00 a.m. <br> Crtrm: 3 <br><br> Complaint Filed: February 13, 2008 <br> Trial Date: None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

COMES NOW Defendant Michael L. Philpot ("Philpot") and hereby submits his reply to Plaintiff's opposition to motion to dismiss as follows:

1. **INTRODUCTORY STATEMENT**

North American Company for Life and Health Insurance ("North American") begins its opposition brief by stating that Mr. Philpot does not dispute that he engaged in the conduct alleged by North American in its complaint. As North American goes on to note, however, the sole issue is the sufficiency of the allegations, not the truth of the allegations. For the

record, Philpot disputes not only the sufficiency of the allegations, but also the truth of the allegations and will present evidence and arguments in that regard at the appropriate time. In fact, Philpot will show that North American was aware of, complicit in, and used to its advantage, the actions of which it now complains.

## 2. NORTH AMERICAN CONTINUES TO FAIL TO REFERENCE ANY "ILLEGAL" OR "UNLAWFUL" CONDUCT

Although North American clearly does not like what they refer to as the "Illegal Commission Scheme," the single fact remains that North American has not alleged any conduct that is "illegal" or "unlawful," despite using those terms repeatedly. North American has apparently taken the position that if they refer to a vague description of conduct as "illegal" and "unlawful," it must be so.

North American has responded to the claim that it has not alleged any "illegal" or "unlawful" conduct by setting forth seven bullet points (Opposition Brief, pages 4-6) in which it claims that such allegations are made. When each of these bullet points is analyzed, however, it is clear that North American has not alleged any "illegal" or "unlawful" conduct. To underscore this point, each of these seven bullet points are repeated and discussed immediately below.

- Philpot and his agents conceived and perpetuated the Illegal Commission Scheme, a sophisticated plot to deceive North American into paying them tens of millions of dollars in undeserved and unearned commissions and bonuses. (Complaint, ¶ 4)

Although North American likes to refer to the alleged "scheme" as "illegal," North American has not alleged anything that is illegal. This is simply a conclusory paragraph which provides no facts whatsoever.

- The Illegal Commission Scheme involved 'offering [] and paying to certain complicit individuals,

> posing as legitimate potential insureds, secret rebates and other monetary incentives, including advancing insurance premiums due North American, in exchange for these individuals applying for [universal life] policies with North American . . . .' (Complaint, ¶ 36.)

Again, nothing North American has alleged is illegal. It is legal to pay a rebate to an insured and there is no prohibition (contractual or otherwise) against advancing insurance premiums to an insured. Moreover, any potential insured is a "legitimate" potential insured. North American has not advanced or alleged any reason why *anyone* would not be a legitimate potential insured.

- Further, the Illegal Commission Scheme, as alleged, was underhanded and intended to deceive North American because Philpot's actions directly contravened the proscription in the Distributor Application and Agreements (the 'Philpot RM Agreement' and the 'Philpot MO Agreement') in which Philpot agreed that he would '[n]ot to pay any premium personally, or rebate premium to any policyholder.' (Complaint, ¶¶ 20, 27-32.)

Once again, although North American uses words such as "underhanded" to describe Mr. Philpot's alleged actions, the only conduct they have referenced is a potential breach of contract, i.e., rebating or personally paying a premium (and it should be noted, North American has not alleged personal payment of a premium). This alleged conduct, however, is neither "illegal" nor "unlawful."

- Philpot and his fellow agents helped applicants apply for the Sham Policies 'without any good faith intention on the part of defendants or the complicit

>individuals that the policies would actually be maintained or that applicable premiums would be paid . . . .' (Complaint ¶ 37.)

North American has not alleged, nor can it, that there was any obligation on the part of the Defendants or the "allegedly complicit individuals" that they maintain the policies. In fact, insurance agents such as Philpot have no ability to require individuals to maintain their insurance policies. As for the payment of "applicable premiums," not only is it unclear what is meant, but there is no allegation in the complaint that applicable premiums were not paid.

- '[A] single premium [was] paid for each such policy in an amount equal to the minimum premium necessary for defendants to earn the maximum commission on the policy' but which constituted an amount 'insufficient to continue [each] policy in force for more than few years.' (Complaint, ¶ 38.)

Here, North American has not alleged anything that was illegal or unlawful or even a breach of contract. North American allows for insureds to pay the minimum premium necessary for agents to earn a maximum commission (and which is less than is apparently sufficient to keep the policies in force for more than a few years) and it should not be heard to complain when its own procedures are followed. Simply put, there is nothing illegal nor unlawful about such conduct. The fact that North American simply does not like certain conduct, however, does not make that conduct tortious.

- Philpot actively concealed that the Illegal Commission Scheme over a period of several years and hundreds of transactions, with the goal of deceiving North American and misleading it as to the true fact of the Sham Policies and larger Illegal Commission Scheme, all done with the intent to induce North American to issue the Sham Policies,

          pay the undeserved, ill-gotten upfront commissions to Defendants, and causing North American to incur underwriting costs in reliance thereon. (Complaint, ¶¶ 90-93)

Although Philpot strenuously disagrees that he concealed anything from North American, North American's use of the terms "illegal" and "sham" does not make what they have alleged illegal, unlawful or tortious. Again, at most, North American has alleged a failure by Philpot to disclose that he allegedly breached his contract with North American. That is not tortious conduct.

- Due to Philpot's Illegal Commission Scheme, North American 'pa[id] millions in undeserved commissions to the Defendants and bonuses to their uplines, and incurr[ed] underwriting costs thereon, by reason of which North American has suffered million dollars in losses . . .' (Complaint, ¶ 95.)

Once again, although North American likes to use the term "illegal," they have not alleged any illegal conduct, they have simply alleged that they have lost money as a result of paying commissions to the Defendants. This does not a tort make.

3. **PLAINTIFFS HAVE FAILED TO ALLEGE PREDICATE FRAUD AND RICO ACTS WITH PARTICULARITY**

Rule 9(b) of the *Federal Rules of Civil Procedure* provides:

    Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally.

Rule 9(b)'s requirement for particularity applies to RICO claims. *Taylor v. Bear Stearns & Co.*, (N.D. GA 1983) 572 F.Supp. 667, 682.

Here, the complaint is pled in such a way that it is not clear at all what predicate acts Plaintiff is alleging are part of its RICO and fraud claims. Further, those acts that are alleged are not done so with particularity, but are extremely vague and conclusory. Presumably, this is because if Plaintiff was to plead the predicate acts with particularity, it would be even more abundantly clear that North American has not alleged any "illegal" or "unlawful" conduct but at most has alleged a plain vanilla breach of contract. At a minimum, Plaintiff should be required to identify with particularity what acts it is relying on.

### 4. **PLAINTIFF'S CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SOUNDS IN TORT AND IS THUS BARRED**

North American does not dispute that if its cause of action for breach of the implied covenant of good faith and fair dealing sounds in tort, it is barred. Instead, North American claims that its cause of action is based on contract and that Philpot is ignoring the complaint's actual allegations.

What is actually being ignored is the argument being made in Philpot's motion to dismiss. As set forth in the motion to dismiss, Plaintiff alleges in paragraph 88 of the complaint that:

> Defendants, in doing the things herein alleged, acted intentionally, and with malice, oppression and fraud as those terms are defined in California *Code of Civil Procedure* section 3294, and North American therefore is entitled to an award of exemplary and punitive damages against Defendants in such amount as will adequately punish Defendants and set an example so as to deter them and others from acting as alleged herein.

Obviously, that is a tort allegation and not a contract allegation. Thus it is abundantly clear that the cause of action for breach of the covenant of good faith and fair dealing does in fact sound in tort and is thus barred. *Seaman's Direct Buying Service v. Standard Oil Co.* (1984) 36 Cal.3d 752, 768-771 (overruled on other grounds in *Della Penna v. Toyota Motor Sales, USA, Inc.* (1995) 11 Cal.4th 376).

In fact, the one case cited by North American to support its argument, *Carma Developers, Inc. v. Marathon Development Cal, Inc.* (1992) 2 Cal.4th 342, 373 is of no assistance to North American. As the Court noted in footnote 12:

> This assumes of course we are dealing with a breach of the covenant of good faith in the traditional contract sense and not as a tort. As a tort, a separate breach of the covenant of good faith would introduce the possibility of tort remedies and even punitive damages. However, no claim has been made here of a tortious breach. *Id.* at 373.

Given North American's request for punitive damages, there can be no doubt but that their cause of action for the implied covenant of good faith and fair dealing sounds in tort and is thus barred.

## 5. CONCLUSION

For the foregoing reasons, Defendant Philpot respectfully requests that Defendant's Motion to Dismiss be granted in its entirety.

Dated: July 11, 2008

CALLAHAN & BLAINE, APLC

By: _____
Michael J. Sachs
Attorneys for Defendant MICHAEL L. PHILPOT

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this Court at whose direction service was made. My business address is Callahan & Blaine, APLC, 3 Hutton Centre, Ninth Floor, Santa Ana, California 92707.

On July 11, 2008, I electronically filed the following document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet as listed below:

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

| | |
|---|---|
| Miles Michael Cooley | mcooley@reedsmith.com |
| Raymond A. Greenberg | raylaw43@msn.com |
| M. Andrew Schneider | aschneider@tahlaw.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 11, 2008 at Santa Ana, California.

Jane M. Jones
email: jjones@callahan-law.com

G:\2895\2895-02\POS efiling.wpd