1  **Raymond A. Greenberg SBN 43394**                                     **ORIGINAL**
   **Perry R. Fredgant SBN 105755**
2  raylaw43@msn.com
3  **RAYMOND A. GREENBERG, ATTORNEY AT LAW**
   **1521 La Venta Road**
4  **Westlake Village, CA 91361-3404**
   **Telephone: 805-373-5260**
5  **Facsimile: 805-494-8312**

6  **Attorneys for Defendant VIRGINIA B. HIRSH**

                                **UNITED STATES DISTRICT COURT**

                                **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,**<br>        Plaintiff,<br>vs.<br><br>**MICHAEL L. PHILPOT**, an individual, **VIRGINIA B. HIRSH**, an individual, **JOHN B. KUYKENDALL**, an individual,<br>**RENE ALEJANDRO LE CAPE**, an individual, **C. RICHIE MCNAMEE**, an individual, **HECTOR PAEZ VALDEZ**<br><br>        Defendants. | Case No.: 08 CV 0270 BEN NLS<br><br>**REPLY OF DEFENDANT VIRGINIA B. HIRSH TO PLAINTIFF'S OPPOSITON TO THE MOTION TO DISMISS BY DEFENDANT MICHAEL L. PHILPOT.**<br><br>Date: July 21, 2008<br>Time: 10:00 a.m.<br>Courtroom: 3<br><br>Trial Date: None Set |

# TABLE OF CONTENTS

I   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A. PLAINTIFF'S NAIVETÉ, IGNORANCE OR CUPIDITY
       SHOULD NOT BE REWARDED BY THE COURT. . . . . . . . . . . . . . . . . . 3

    B. THE ISSUE HERE IS REALLY TAX FRAUD. . . . . . . . . . . . . . . . . . . . . . . 4

    C. THE AGENCY CONTRACTS VIOLATE *B & P*
       §§ 16725, 16727, and 16757, B & P §§ 17030 and
       17044, AND INSURANCE CODE §790.03(c.. . . . . . . . . . . . . . . . . . . . . . . . 4

II   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

**CALIFORNIA STATUTES**

*Business and Professions Code §16725*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Business and Professions Code §16727*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Business and Professions Code §16757*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Business and Professions Code §17030*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..3 & 4

*Business and Professions Code §17044*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Insurance Code § 790.03(c)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

**UNITED STATES CODE**

*28 USC  801 et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*28 USC 810*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

# I

# **ARGUMENT**

## A. PLAINTIFF'S NAIVETÉ, IGNORANCE OR CUPIDITY SHOULD NOT BE REWARDED BY THE COURT.

Plaintiff pursues a remarkable argument: if Plaintiff, because of its ignorance, naiveté or cupidity, enables people to engage in *lawful conduct* which results in financial harm to Plaintiff, courts should step in to protect and reimburse Plaintiff from the harm caused by its own naiveté, ignorance and greed. Such a request is being made by a life insurance company.

The Complaint alleges that the Plaintiff offered life insurance policies for sale at prices so far below Plaintiff's costs that each insured would have to stay alive and pay premiums for 20 years after the policy was originally issued. Thus, Plaintiff obviously believes that consumers of life insurance are so lazy or stupid that they will continue to pay premiums for 20 years to enable Plaintiff simply to break even on its costs, if they live that long. The Defendants' scheme really increases the costs to consumers, because, as it argues, that other policyholders must absorb, in the form of higher premiums, Plaintiff's unamortized underwriting costs, which it had no rational expectation to fully amortize.

Plaintiff, however, has compounded its perceived problems by walking into an anti-trust problem of its own making.

On one hand, it is demanding that the courts enforce a conspiracy by its agency contract to enable the Plaintiff to unfairly compete with other insurance companies but also preventing independent life agents from competing with other agents.

Clearly, Plaintiff is selling its life insurance product as a "loss leader". California *Business & Professions Code (B & P) § 17030*. Obviously, the Complaint sets forth the simple arithmetic, which if analyzed, shows that Plaintiff has suffered no damages.

Why would any sophisticated business person sell any product, service or commodity not only at a loss at inception but at a loss really for as much as 20 years, as a matter of common sense? Under the Plaintiff's model, if a 50 year old man of good health wanted to buy a life insurance policy, that person would have to live to age 70 and pay the annual premium for

1 Plaintiff to make a profit.

### B. THE ISSUE HERE IS REALLY TAX FRAUD.

In fact, Plaintiff is asking this court to legitimize and enforce its illegal scheme to defraud the American taxpayer. The Plaintiff's scheme is not based upon insurance law or actuary tables but is based upon *26 USC §§ 801 et seq.,* the Internal Revenue Code.

Relevant here is *26 USC 810* which provides that any claimed losses here, if any, "carry back" for three years, and "carry over" for fifteen years., and are deductible!

Without a specialized discussion of insurance accounting and taxation law, it seems very obvious that Plaintiff's complaint is not about money that it lost, because it lost no money. The taxpayers lost money. This lawsuit is about the Plaintiff's loss of a windfall profit at the expense of the American taxpayer.

Plaintiff can only argue that, under the law, it can have it both ways. Defendants can argue the same thing, that under the law, it can have it both ways.

### C. THE AGENCY CONTRACTS VIOLATE *B & P §§ 16725, 16727, 16757, 17030 and 17044, AND INSURANCE CODE §790.03(c).*

What this lawsuit is, essentially, asking is whether a vendor of a product, commodity, service or other provision to the public can lawfully set the price charged by hired independent contractors, and then require those contractors to adhere to the price fixing of the vendor. Without a doubt, a vendor, using employees as sales people, can set its own price and enforce it. However, in California, a vendor, using contractors who are independent business people presumably with free will and the value of their own business at stake, cannot require them to fix a price.

Most consumers know that if they see a Toyota at a dealership, the price tag is a "manufacturer's suggested retail price", which is subject to negotiation. People may not realize that every price charged by a retailer of every product or benefit is subject to negotiation. Anybody who searches the Internet for a product or service knows that there may be hundreds of retailers who charge disparate prices for the same product or service.

///

REPLY OF DEFENDANT VIRGINIA B. HIRSH TO PLAINTIFF'S OPPOSITON TO THE MOTION TO DISMISS BY DEFENDANT MICHAEL L. PHILPOT.    4    **Case No.: 08 CV 0270 BEN NLS**

1  A purveyor of goods, commodities, services or any other matters of interest for sale to the public simply computes its price based upon its costs, and then the independent retailers to the public are free to charge what they want to charge based upon their own costs.  That is essential and intrinsic to the United States capitalist system of competition.

Plaintiff here obviously does not like that system.  In every transaction alleged in the complaint, it received exactly what it bargained for and exactly what it was priced for.  That is how it is with Toyota.  Very simply, a business computes its cost of doing business and then factors in its profit margin, and that is the price that would be charged.  As long as that minimum price is paid, that business, in a capitalistic economy, should not care what its sales representatives charge, unless that person is an employee. Toyota cannot make the "manufacturer's suggested retail price" the fixed price that all dealers must charge for a car.

## CONCLUSION

For the foregoing reasons, the Motions to Dismiss of the Defendants should be granted without leave to amend.

Dated: July 11, 2008                       Respectfully Submitted

                                                       s/ Raymond A. Greenberg
                                                      Attorney for Virginia B. Hirsch
                                                      Email: raylaw43@msn.com

**STATE OF CALIFORNIA, COUNTY OF VENTURA**

I am employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1521 La Venta Road, Westlake Village, California 91361-3404

On July 11, 2008, I served the following documents described as:

DEFENDANT VIRGINIA B. HIRSH'S JOINDER IN DEFENDANT MICHAEL L. PHILPOT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM  OR, ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT; AND SUPPLEMENTAL POINTS AND AUTHORITIES

**[ X ] BY ELECTRONIC MAIL:  I** electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet, as listed below.

| | | |
|---|---|---|
| Robert D. Phillips, Jr. Esq. | (213) 457-8000 | Attorney for Plaintiff |
| Miles M. Cooley, Esq. | (213) 457-8080 Fax | |
| Reed Smith, LLP | | North American Company For |
| 335 South Grand Avenue | rphillips@reedsmith.com | Life and Health Insurance |
| Suite 2900 | mcooley@reedsmith.com | |
| Los Angeles, CA 90071-1514 | | |
| | | |
| John A. Marshall, Esq. | (818) 591-9000 | Attorney for |
| Goshgarian & Marshall | (818) 591-0810 Fax | Rene Alejandro Lecape |
| 23901 Calabasas Rd, #2073 | gmlaw@gmlawplc.net | |
| Calabasas, CA 91302 | | |
| | | |
| Michael J. Sachs | (714) 241-4444 | Attorney for |
| Callahan & Blaine | (714) 241-4445 Fax | Michael L. Philpot |
| 3 Hutton Center Dr, 9th Floor | MJS@callahan-law.com | |
| Santa Ana, CA 92707 | | |

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Ventura County, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ X ]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 11, 2008, at Ventura County, California.

/S  Judith E. Alexander

_____
JUDITH E. ALEXANDER