UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>Plaintiff,<br>v.<br><br>MICHAEL L. PHILPOT, et al,<br><br>Defendants. | Civil No.08cv270-BEN(NLS)<br><br>**ORDER DENYING DEFENDANT MICHAEL PHILPOT'S REQUEST FOR AN EARLY NEUTRAL EVALUATION CONFERENCE AND/OR STATUS CONFERENCE**<br><br>[Doc. No. 31] |

Before the Court in the above-captioned matter is an *ex parte* request by Defendant Michael Philpot for the Court to hold an Early Neutral Evaluation Conference ("ENE"), or in the alternative, a Status Conference [Doc. No. 31]. Philpot is one of six defendants in this case. On April 5, 2008, Defendant Virginia Hirsch made the first defense appearance in the case by way of a Motion to Dismiss [Doc. No. 5], which was later joined by Defendant Rene Lacape [Doc. No. 6]. On June 13, 2008, Defendant Philpot made his first appearance in the case, also by way of a Motion to Dismiss [Doc. No. 20]. On July 15, 2008, the presiding District Judge took both motions under submission [Doc. No. 30]. Three additional named defendants have not yet made appearances in the case. No defendant has filed an answer to the Plaintiff's complaint.

Defendant Philpot would like to the Court to hold an ENE or a Status Conference in the interests of efficient case management and judicial economy. (*Ex Parte* request, 2.) Philpot surmises that the case will involve complex discovery and would like to set discovery dates forthwith. Philpot also refers to Local Civil Rule 16.1(c) to suggest that an ENE should be held within forty-five days after the filing

of a "response" to Plaintiff's complaint, namely his motion to dismiss filed on June 13, 2008.  (*Id*. at 1.)

The Court first notes that Local Rule 16.1(c) states clearly that:  "Within forty-five (45) days of the filing of an *answer*, counsel and the parties shall appear before the assigned judicial officer supervising discovery for an early neutral evaluation conference; this appearance shall be made with authority to discuss and enter into settlement." (Emphasis added.)  As such, the Court has not scheduled an ENE in this case at this time because no answer has been filed by Philpot or any of the other defendants.  However, Philpot has used the correct procedural mechanism to request that an ENE be held in spite of the case's current posture.  Rule 16.1(c) goes on to state:

> "At any time after the filing of a complaint and before an answer has been filed, counsel for any party may make a request in writing to the judicial officer assigned to supervise discovery in the case to hold an early neutral evaluation conference, discovery conference or status/case management conference. Copies of the request shall be sent to counsel for the parties and the parties whose addresses are known to the requesting counsel. Upon receiving such request, the judicial officer shall examine the circumstances of the case and the reasons for the request and determine whether any such conference would assist in the reduction of expense and delay the case. The judicial officer shall hold such conferences as he or she deems appropriate."

Having considered Philpot's request, the Court concludes that good cause does not exist at this time to hold an ENE or a status conference, nor to open discovery in this matter prematurely.  The Court shall schedule an ENE at a time the undersigned deems appropriate, as guided by the Local Rules and with attention to the further progression of this litigation.

**IT IS SO ORDERED**.

DATED:  August 5, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge